SARTAIN, Judge.
Plaintiff brings this appeal from judgment in favor of defendant dismissing plaintiff’s claim for $4,502.00, a sum which plaintiff alleges to be due him from the proceeds of a judicial sale of immovable property by virtue of a superior lien which he claims to have on the property in his favor. We affirm the trial court’s judgment.
The case was submitted by the parties on the pleadings with all factual allegations admitted. These allegations show that on November 24, 1965, plaintiff and his wife purchased the immovable property now subject to seizure and granted on that day a mortgage on the property to the Department of Hospitals Credit Union securing a $16,000.00 note in the credit union’s favor. The mortgage was recorded bn February 4, 1966.
In November of 1966 defendant finance company obtained a judgment against plaintiff’s wife on a note executed by her and the plaintiff. Plaintiff’s responsibility on the note had been abrogated by a prior discharge in bankruptcy obtained on November 4, 1965. This judgment was recorded on December 2, 1966, whereupon the defendant became a judicial mortgage creditor.
Subsequently, plaintiff and his wife separated and upon settlement of the community in August of 1972, plaintiff was given the immovable property and assumed the balance in the sum of $9,000.00 remaining on the mortgage note in favor of the credit union. Plaintiff ultimately paid the- remainder of the mortgage note with the insurance proceeds he received when the residential improvements situated on the property were destroyed by fire. The mortgage and the note were each marked paid on March 8, 1973.
Following payment of the mortgage note, defendant finance company then executed on its judgment of 1966 and caused the immovable property plaintiff had received in the community property settlement to be seized under a writ of fieri facias.
The fact that the judicial mortgage followed the property into the hands of plaintiff and resulted in its subsequent seizure is not here contested. Plaintiff simply argues that he has a superior lien on the property and is entitled to recognition on the proceeds in preference and priority over the lien held by defendant finance company. He bases this argument on the premise that since he paid all of the mortgage note for which he and his wife were liable in solido, he has therefore become legally subrogated to that portion of the mortgagee’s lien on the property which it had to enforce the obligation against plaintiff’s former wife. He cites La.C.C. Art. 2161(2), (3) as supportive of this proposition. The article states in part:
Art. 2161. Legal subrogation
Art. 2161. Subrogation takes place of right:

2. For the benefit of the purchaser of any immovable property, who employs the price of his purchase in paying the creditors, to whom this property was mortgaged.
3. For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it.
We find no merit in plaintiff’s contention that he is entitled to legal subrogation. Subrogation, whether legal or conventional, arises in specific instances in favor of a third party who pays a debtor’s creditor (C.C. Art. 2159), and in such instances the third party possesses the same status and rights as did the creditor who was paid. The essence of subrogation is that the debt be paid for another, other *835 wise, the payor would be the debtor and not a third party.
In the present case the plaintiff has paid a debt for which, as between himself and his wife, he is solely responsible and primary obligor by virtue of his assumption of the conventional mortgage in the community property settlement. Thus, he can not be considered a third party who has paid the debt of another and is not entitled to legal subrogation. Payment of the principal debt owed to the credit union extinguished that debt only, La.C.C. Art. 2130 et seq., and as- the debt was extinguished, so was the conventional mortgage, La.C.C.' Arts. 3285 and 3411.
For the above reasons, the decision of the trial court is affirmed dismissing plaintiff’s claim with all costs of these proceed-' ings to be borne by plaintiff-appellant.
Affirmed.